Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| | | DATE | 7/18/2001 |
| CASE NUMBER | 98 C 509 | | |
| CASE TITLE | Canal Barge vs. ComEd | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/23/2001 at 11:00 A.M.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: ComEd's motion to quash notice of deposition [73-1] is denied and Canal Barge's motion to strike notices of Rule 30(b)(6) depositions and riders attached to notices of depositions [71-1] is granted in part and denied in part. Canal Barge's request to compel deposition [70-1] is denied as moot. ComEd's response to Canal Barge's motion to compel production of certain documents withheld as privileged and to compel answers to certain deposition questions of former ComEd employees is due July 25, 2001; Canal Barge's reply is due August 1, 2001.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 19 2001 date docketed | 86 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | CO-7 FILED FOR DOCKETING | cm docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 JUL 18 PM 5: 21 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CANAL BARGE COMPANY, | ) | |
| Plaintiff/Counter-Defendant, | ) ) | Case No. 98 C 0509 |
| v. | ) ) ) | Magistrate Judge Nan R. Nolan |
| COMMONWEALTH EDISON COMPANY, | ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

Canal Barge Company (Canal Barge) has filed a Complaint against Commonwealth Edison Company (ComEd) seeking payment of two invoices for maintenance and insurance charges incurred in 1996-1997 for the upkeep of barges subject to a contractual agreement between the parties. ComEd admits that it failed to pay the amounts billed in the two invoices, and is asserting in its counterclaim that Canal Barge billed ComEd for invalid charges which fall outside the scope of the contract. This matter is before the Court on ComEd's Motion to Quash Notice of Deposition, (Docket Entry #73), and Canal Barge's Motion to Strike Notices of Rule 30(b)(6) Depositions and Riders Attached to Notices of Depositions, (Docket Entry #71). For the following reasons, ComEd's Motion to Quash is DENIED and Canal Barge's Motion to Strike is GRANTED in part and DENIED in part.

### I. Federal Rule of Civil Procedure 30(b)(6)

Federal Rule of Civil Procedure 30(b)(6) allows litigants to name a business entity as a deponent. Rule 30(b)(6) is designed to prevent business entities from "bandying," the practice of

presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity. SmithKline Beecham Corp. v. Apotex Corp., 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000) (citing Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C.1999)). Rule 30(b)(6) states in pertinent part that:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). The Rule gives the corporation being deposed more control by allowing it to designate and prepare a witness to testify on the corporation's behalf. Fed. R. Civ. P. 30(b)(6) advisory committee's note. "For a Rule 30(b)(6) deposition to operate effectively, the deposing party must designate the areas of inquiry with reasonable particularity, and the corporation must designate and adequately prepare witnesses to address these matters." United States v. Taylor, 166 F.R.D. 356, 360 (M.D.N.C. 1996). Once the deposing party specifies the topics of the deposition, it becomes the corporation's duty to designate one or more individuals able to testify about the relevant areas. Smithkline, 2000 WL 116082, at *8.

A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity. Taylor, 166 F.R.D. at 361. In effect, the deponent is "speaking for the corporation," presenting the corporation's position on the topic. Id. The deponent must testify to both the facts within the knowledge of the business entity and the entity's opinions and subjective beliefs, including the entity's interpretation of events and documents. Id. A corporation is "bound" by its Rule 30(b)(6) testimony, in the same sense that any individual deposed

2

under Rule 30(b)(1) would be "bound" by his or her testimony, however, this does not mean that the witness has made a judicial admission that formally and finally decides an issue. W.R. Grace & Co. v. Viskase Corp., 1991 WL 211647 at *2 (N.D. Ill. Oct. 15, 1991)(citing Brown & Root, Inc. v. American Home Assur. Co., 353 F.2d 113 (5th Cir.1965), cert. denied, 384 U.S. 943 (1966)).

## II. ComEd's Motion to Quash Notice of Deposition

In its Motion to Quash, ComEd generally argues that the topics designated by Canal Barge are inappropriate for inquiry in a Rule 30(b)(6) deposition. Specifically, Canal Barge groups its objections into the following three areas:

1) Topics 1-6, 9, 12 call for the designee to speculate and form legal conclusions

2) Topics 7, 8, and 11 request ComEd's position on the useful life of the barges, which requires the ComEd designee to sift though 600 pages of documents received from Canal Barge

3) Topics 10 and 13 call for the "legal defense strategies of ComEd with respect to Canal Barge's claims against ComEd."

The Court finds that all of these areas are proper areas of questioning in a Rule 30(b)(6) deposition. In the objections grouped under areas 1 and 3, ComEd argues against being required to provide any information which could be characterized as its legal position on the contracts at issue. Canal Barge responds by noting that ComEd's position in its defense of this case is that the work performed is not maintenance under the contracts. Canal Barge contends it is entitled to know the basis for that position. Canal Barge further asserts that ComEd has not claimed this information is protected by privilege and has cited to no case law in support of its opposition to the topics.

Generally, inquiry regarding a corporation's legal positions is appropriate in a Rule 30(b)(6) deposition. See U.S. v. Taylor, 166 F.R.D. 356, 362 (M.D.N.C. 1996). However, some inquiries

3

are better answered through "contention interrogatories" when the questions involve complicated legal issues. See Taylor, 166 F.R.D. at 362 n.7. Whether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination. Id. The Court finds in this case that there is both a legal and factual component to the interpretation of these contracts, and that Canal Barge's quite fact-specific inquiries into ComEd's position that the work performed on the barges was not maintenance are more appropriately posed in a Rule 30(b)(6) deposition rather than through contention interrogatories. Furthermore, Canal Barge is correct that ComEd has not asserted any privilege relating to any questions regarding it's "legal defenses" to the contracts.

ComEd's second general objection asserts that any inquiries by Canal Barge into the useful life of the barges (Topics 7, 8, and 11) would require ComEd's designee to review more than 600 documents and would therefore be unduly burdensome. Canal Barge responds by saying that it is *ComEd* who has put the useful life of the barges at issue by seeking discovery from Canal Barge on this topic. (See Canal Barge's Resp. at 9.) A corporation cannot "have [its] attorney assert that the facts show a particular position on a topic when, at the Rule 30(b)(6) deposition, the corporation asserts no knowledge and no position." Taylor, 166 F.R.D. at 363 n.8. The Court finds that if ComEd wishes to introduce evidence and take a particular position regarding the useful life of the barges at trial, then it must submit to questioning regarding that position at the Rule 30(b)(6) deposition, and be prepared to discuss any documents relevant to that position.

ComEd raises one further objection to the topics named by Canal Barge for the Rule 30(b)(6) deposition. ComEd states in its motion to quash (and attaches a supporting affidavit to this effect) that many of its most knowledgeable employees on these topics now work for Midwest Generation,

4

with which ComEd is having a legal dispute. Therefore, ComEd argues, it is unable to designate any of these former employees, who have personal knowledge of these topics, as its representative. Canal Barge responds that there are certain former employees who may be knowledgeable about these matters who do not work for Midwest Generation, namely Roland Kraatz, George Rifakes, or James Small. Most importantly, Canal Barge points out that even if none of these employees could testify, ComEd still has a duty to designate a representative who has knowledge on these topics, even if the employee has no personal knowledge and has to be educated. The Court agrees that "if none of defendant's current employees has sufficient knowledge to provide plaintiffs with the requested information, defendant is obligated to 'prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'" Ierardi v. Lorillard, Inc., 1991 WL 158911, at *1 (E.D. Penn. Aug. 13, 1991) (citing Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

The Court finds that all of the topics listed by Canal Barge for its Rule 30(b)(6) deposition are appropriate, and therefore, DENIES ComEd's Motion to Quash.

### III. Canal Barge's Motion to Strike Notices of Rule 30(b)(6) Depositions and Riders Attached to Notices of Depositions

On May 29, 2001, ComEd served six notices of deposition on Canal Barge pursuant to Rule 30(b)(6). A rider was attached to each notice requesting Canal Barge to produce documents contained within eleven separate categories. In this motion, Canal Barge requests that, since it plans only to produce one witness to testify as to all of the barges, ComEd be limited to only one single day of deposition testimony. Canal Barge also requests that the Court strike the riders requesting further documents as untimely requests for production of documents pursuant to Federal Rule of

5

Civil Procedure 34.

## A. Canal Barge's Request to Limit the Rule 30(b)(6) Deposition to One Day

Canal Barge's first request that ComEd's Rule 30(b)(6) deposition be limited to one seven-hour day is based upon Rule 30(d)(2) which limits the deposition of each witness to one day of seven hours. Under the Advisory Committee's Notes to Rule 30(d)(2), if a corporation designates more than one representative in response to a deposition notice under Rule 30(b)(6), the one day limit applies separately to each designee. Fed. R. Civ. P. 30(d)(2) advisory committee's notes. Canal Barge argues that when a party only designates one witness under Rule 30(b)(6), a party should not be able to circumvent the one witness, one day limit by issuing multiple notices covering the same subject matter. In Response, ComEd notes that the notices do not cover the same subject matter, in that the repair performed on each barge was unique, and requires individualized inquiry. ComEd argues that "[i]t is unreasonable to limit ComEd to ask detailed questions of the work done on 56 barges in one 7-hour time period." (ComEd's Resp. at 3.)

In this case, as Canal Barge only plans to designate one witness to respond to all questions regarding the repair work on the barges, Rule 30(d)(2)'s one-day time restriction does apply. However, the language of Rule 30(d)(2) limits a deposition to one day of seven hours, "unless otherwise authorized by the court or stipulated by the parties." The Advisory Committee's Notes to Rule 30(d)(2) contemplate various factors a court may consider in determining whether to order an extension, including the need for an interpreter, if the examination will cover events occurring over a long period of time, if the witness will be questioned about numerous lengthy documents, or in multi-party cases. Fed. R. Civ. P. 30(d)(2) advisory committee notes. In this case, the Court finds that the factual complexity of discussing repair work performed on 56 barges and the need to refer

6

to numerous accompanying documents justifies authorization to extend the time allowed for this deposition.

However, while the Court agrees with ComEd that the scope of this Rule 30(b)(6) deposition requires more than one day of questioning, it finds ComEd's request for six days to be excessive. ComEd has not provided the Court with any case authority for its argument that it can simply serve six separate notices of deposition under Rule 30(b)(6) and be automatically entitled to six full days of depositions regardless of the number of corporate representatives designated by Canal Barge. As Canal Barge points out in its Reply, the solution to the problem lies in requiring ComEd to make efficient use of its time. The Court finds that allowing ComEd up to three seven hour days in which to conduct its Rule 30(b)(6) deposition provides a compromise which allows ComEd ample time to question Canal Barge's designee regarding the repair work performed on the barges, while requiring ComEd to use its time in an efficient manner. Therefore, the Court is authorizing ComEd to use up to three seven hours days in its Rule 30(b)(6) deposition of Canal Barge, and Canal Barge's motion to strike this deposition in its entirely is denied.

**B. Canal Barge's Request for the Court to Strike the Riders Attached to the Notices of Deposition**

Canal Barge's second request is for the Court to strike all of the riders which ask for Canal Barge to produce numerous documents to ComEd at the depositions. ComEd attaches these riders pursuant to Rule 30(b)(5), which states: "The notice of a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition. The procedure of Rule 34 shall apply to the request." Fed. R. Civ. P. 30(b)(5). Canal Barge objects to producing these documents on the basis that written discovery

7

closed on April 30, 2001, and that a Rule 30(b)(5) request for production of documents made after the close of written discovery violates the requirements of Rule 34.

This Court follows the holding of Carter v. United States, 164 F.R.D. 132 (D. Mass. 1995), referred to by both parties in their briefs. In Carter, the district court relied on language in the Advisory Committee's Notes to Rule 30(b)(5)[1] in coming to its holding that only the most narrow and relevant documents may be requested pursuant to Rule 30(b)(5):

> In essence, a document request under Rule 30(b)(5) is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request. . . . Thus, . . . requests which fall under the rubric of a Rule 30(b)(5) deposition should be "few and simple" and "closely related to the oral examination" sought. Otherwise, the Court may assume that the document request falls under Rule 34 and, as such, is barred as untimely under the Court's scheduling order.

Id. at 133.

The riders at issue ask for broad categories of written documents, many of which are unlimited in time and would include documents generated during the entire thirty-year duration of the contract. (See Canal Barge's Reply at 6.) The Court finds that these document requests are neither "few and simple" nor "closely related to the oral examination sought." Canal Barge asserts that many of the requested documents have previously been produced to ComEd,[2] and this Court

---

[1] The Advisory Committee's Notes state: "Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone." Fed. R. Civ. P. 30(b)(5) advisory committee's notes.

[2] Neither party clarifies which documents contained within the Rider Requests have previously been requested and produced and which have not. Therefore, the Court makes no

8

finds that Canal Barge is not required bring any documents to the deposition which it has already produced to ComEd. To the extent the riders solicit production of new documents which were not previously requested, or which were included in ComEd's additional proposed interrogatories which were rejected by this Court, the Court finds that these requests are untimely in light of the written discovery cut-off date of April 30, 2001.

Therefore, Canal Barge's motion to strike the riders attached to notices of depositions is granted. However, the Court will require that Canal Barge bring with it to the deposition any documents, not previously produced to ComEd, which the designee relied upon in preparing for the deposition.

## IV. Conclusion

For the foregoing reasons, the Court finds that ComEd's Motion to Quash Notice of Deposition, (Docket Entry #73), is DENIED and Canal Barge's Motion to Strike Notices of Rule 30(b)(6) Depositions and Riders Attached to Notices of Depositions, (Docket Entry #71), is GRANTED in part and DENIED in part.

ENTER:

Nan R. Nolan
**Nan R. Nolan**
**United States Magistrate Judge**

**Dated:**

July 18, 2001

findings as to which documents within the Rider Requests Canal Barge has already produced.

9