Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 509 | **DATE** | 7/24/2001 |
| **CASE TITLE** | Canal Barge Co. vs. Commonwealth Edison Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: ComEd's motion for entry of protective order [74-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 5 2001 date docketed | 88 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | E0-7 FILED FOR DOCKETING 01 JUL 24 PM 5: 06 | date mailed notice | |
| KM | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

**DOCKETED**

JUL 2 5 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CANAL BARGE COMPANY, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | Case No. 98 C 0509 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Nan R. Nolan |
| COMMONWEALTH EDISON COMPANY, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## MEMORANDUM OPINION AND ORDER

Commonwealth Edison Company (ComEd) commenced this action on January 28, 1998 by filing its Complaint for declaratory judgment and other relief. Canal Barge Company (Canal Barge) filed this action against ComEd for breach of contract on May 16, 2001, seeking payment of two invoices for maintenance and insurance charges incurred in 1996-1997 for the upkeep of barges which were subject to a contractual agreement between the parties. ComEd admits that it failed to pay the amounts billed in the two invoices, and asserts in its claim that Canal Barge billed ComEd for invalid charges which fall outside the scope of the contract. This matter is currently before the Court on ComEd's Motion for Entry of Protective Order, (Docket Entry #74). For the following reasons, ComEd's motion is DENIED.

On July 18, 1997, Canal Barge sent an invoice to ComEd for $1,516,772.00 for work performed on barges which, although owned by Canal Barge, ComEd had a contractual right to use exclusively. On September 2, 1997, Canal Barge sent ComEd the supporting invoices for the repairs at the request of Michael Bales ("Bales"), Coal and Transportation Procurement Leader at ComEd,



and by November 18, 1997 at the latest, Bales retained Peter Merrill ("Merrill") of Merrill Marine Services, Inc. to review those invoices. ComEd asserts the Merrill is an expert in the field of marine services and open hopper barges. Merrill was the only person to review these third party invoices. (Bales Dep. at 209.) After Merrill performed his review, ComEd made its determination not to pay the amounts billed by Canal Barge for the repairs.

On May 11, 2001, Canal Barge served ComEd with a Notice of Deposition pursuant to subpoena for Peter C. Merrill. In this motion, ComEd requests this Court to make a finding that Merrill was retained as a non-testifying expert under Federal Rule of Civil Procedure 26(b)(4)(B), and seeks a protective order limiting the scope of his deposition to the time period before November 18, 1997. Rule 26(b)(4)(B) states:

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(B). The central question under Rule 26(b)(4)(B) is whether the expert consultation took place in anticipation of litigation. In making this determination, the court must analyze "the total factual situation in the particular case." Hartford Fire Ins. v. Pure Air on the Lake Ltd., 154 F.R.D. 202, 207 (N.D. Ind.1993). To conclude that an expert was hired in anticipation of litigation, a lawsuit need not have been filed, but "more than a remote possibility of litigation" must have existed. United States v. Bell, 1994 WL 665295, at *4 (N.D.Cal. Nov.9, 1994) (internal quotations omitted). Once it has been determined that Rule 26(b)(4)(B) applies, a party may only discover information from the expert if the party demonstrates that "exceptional circumstances"

exist. Fed. R. Civ. P. 26(b)(4)(B).[1]

ComEd asserts that when Bales contacted Merrill, ComEd had already retained attorney Steven Brigance ("Brigance") to "handle Canal's claim of $1.6 million for ComEd" and that Merrill was retained in order to determine whether any settlement offer should be made. (ComEd's Motion for Protective Order at 2.) ComEd asserts that all consultations with Merrill "took place in anticipation of litigation." (Id.) In response, Canal Barge argues that Merrill was actually retained to assist ComEd in making its business decision whether to pay for the repair work on the barges. In support of its claims, Canal Barge argues that Brigance's affidavit uses terms which falsely indicate that litigation was imminent between the parties when Merrill was retained. For example, the affidavit refers to the invoice sent from Canal Barge to ComEd as a "pre-suit claim for monies owed" and states that Merrill was asked to evaluate whether "a settlement offer might be made" when in fact he was evaluating whether ComEd should pay a commercial invoice. (Canal Barge's Resp. at 4-5.) Canal Barge also claims that facts asserted in the Brigance affidavit conflict with other assertions made by ComEd. For instance, Brigance alleges that ComEd requested the supporting invoices from Canal Barge (sent to ComEd on September 2, 1997) upon his advice. However, Canal Barge notes that the first reference to any communication with Brigance in ComEd's privilege log was on November 15, 1997. (Canal Barge's Resp. at 5.) Canal Barge also claims that Gary Bozick's assertion during Bales' deposition that Merrill was hired after Bozick was retained is at odds with ComEd's position in this motion that Merrill was hired after *Brigance* was retained. (Id. at 6.)

---

[1] Canal Barge does argue that, in the event the Court determines Pete Merrill qualifies under Rule 26(b)(4)(B) as a non-testifying expert, exceptional circumstances exist. As the Court is finding that Merrill does not qualify as a non-testifying expert under the Rule, the Court does not reach this argument.

Canal Barge claims generally that the manner in which events unfolded as documented by Bales' deposition and correspondence between the parties indicates that Merrill was in fact retained to assist ComEd in deciding whether to pay Canal Barge for the barge repair work, and not in anticipation of litigation. As Rule 26(c) provides that a protective order may be entered only upon a showing of "good cause" by the party seeking the protection, ComEd carries the initial burden of proving that Rule 26(b)(4)(B) requires entry of a protective order restricting the scope of any deposition taken of Merrill. Fed. R. Civ. P. 26(c). The relevant issue in determining whether an expert was retained in anticipation of litigation is not necessarily the timing of the expert's retention. As the Seventh Circuit stated in Binks MFG. Co. v. National Presto Indus., Inc., 709 F.2d 1109 (7th Cir. 1983) (citing 8 Wright & Miller, Federal Practice & Procedure, Civil, § 2024):

> ...Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

Id. at 1118-19.

In Caremark, Inc. v. Affiliated Computer Services, Inc., 195 F.R.D. 610 (N.D. Ill. 2000), the district court considered a motion to compel filed in conjunction with a breach of contract case in which the defendant refused to turn over various documents based upon the attorney-client privilege and work product doctrine. In evaluating the requirement of the work-product doctrine that the documents be prepared in anticipation of litigation, the court discussed how to analyze this requirement when the documents were generated both in the ordinary course of business and in anticipation of litigation. The court found that "[n]ot all documents created or produced by a company can be categorized as protected by work product simply because a company's internal

4

investigation is co-existent with a present or anticipated lawsuit . . . ." Id. at 614-15. Citing to the Binks case, the court stated that, for the doctrine to apply, the "primary motivating purpose behind the creation of the document or investigative report . . . [must] be to aid in . . . litigation." Id. at 615. The court reasoned that "documents that are created in the ordinary course of business or that would have been created irrespective of litigation are not under the protection of the work product doctrine." Id. at 614. Applying these principles to the "anticipation of litigation" requirement of Rule 26(b)(4)(B), the Court makes the following findings.

This Court has found that Bales' deposition and other supporting documents indicate the following chronology of events occurred:

**1) July 18, 1997:** Canal Barge sent ComEd the invoice which contained the maintenance charges of $1,516,772.00 which are at issue.

**2) September 2, 1997:** In response to a request from Bales, Larry Barbish ("Barbish"), Vice President of Business Development at Canal Barge, sent supporting third-party invoices for the repairs to ComEd.

**3) November 18, 1997:** Bales retained Merrill by this date, at the latest, regarding the invoices. (ComEd's Mot. for Protective Order.)

**4) Late November/Early December, 1997:** Prior to December 12, 1997, a meeting took place in Chicago between Canal Barge and ComEd to discuss ComEd's efforts to determine whether it would pay all or a part of the July 18th invoice. (December 12, 1997 letter from Bales to Barbish.)

**5) December 8, 1997:** Barbish wrote a letter to Bales explaining the charges which were at issue between the parties, and requesting ComEd to provide a list of all of the disputed charges and for ComEd to pay the remaining, undisputed items, in full.

5

**6) December 12, 1997:** Bales wrote a letter to Barbish in which he makes several assertions, including ComEd's desire to "quickly resolve [Canal Barge's] billings," ComEd's intent to pay interest on any amounts ComEd ultimately agrees to pay, and its suggestion that the parties meet in early January to "resolve any remaining matters." At several points in the letter, Bales mentions the review ComEd's "auditors" were currently performing of the supporting invoices. Any mention by ComEd regarding payment of the July 18th invoice in the letter was referenced in terms of the completion of the auditors' review, which was to be complete "within the next week or two" from the date of the letter. The letter also suggests having the auditors meet with Mickey Popplewell, the operations manager at Canal Barge. In his deposition, Bales testified that the review of the supporting documentation for the July 18th invoice was the one being performed by Merrill. (Bales Dep. at 241.) At another point in his deposition, Bales testified that the only person to review the third-party invoices which supported the July 18th invoice was Merrill. (Bales Dep. at 209.)

**7) January 28, 1998:** ComEd commenced this action by filing its Complaint for declaratory judgment and other relief.

In light of the applicable law, and the facts surrounding the retention of Merrill, the Court finds that Merrill was retained by ComEd for the primary purpose of assisting ComEd to make a business decision regarding its obligation to pay the amounts billed in the July 18th invoice. A number of factors support this Court's conclusion. First, the Court notes the tone of the December 8 and December 12, 1997 letters between Bales and Barbish, in which it appears the two companies are attempting to work out their differences regarding the maintenance charges. In the letters, no mention is made of the possibility of the dispute leading to litigation. In fact, there are several references in the letters which indicate that ComEd was still deciding whether it should pay off any

portion of the invoice. Further, Bales' letter suggests that ComEd's "auditor," who Bales identified in his deposition to be Merrill, might need to meet with Mickey Popplewell, Canal Barge's operations manager. Were Merrill considered to be a non-testifying expert retained in anticipation of litigation, ComEd would surely not have suggested he meet with the upper management of the company on the other side of that anticipated litigation.

The Court's decision primarily rests on its determination that ComEd needed to hire an expert in order to make a decision whether to pay the charges listed in the invoice. ComEd requested supporting documentation for the July 18th invoice, and then retained Merrill to review that documentation. Bales testified that he obtained Merrill's name from a friend, and that he personally contacted Merrill himself to review the invoice.[2] A reading of Bales' December 12th letter to Barbish clearly demonstrates that ComEd's decision whether to pay any of the charges in the July 18th invoice rested upon the outcome of the audit which was being performed by Merrill. According to Bales, no other person did a full review of any of the supporting documents. It is clear that ComEd needed to review the outcome of Merrill's audit of the supporting invoices in order to determine whether to pay the July 18th invoice. Therefore, while Merrill may have been retained on the advice of counsel and ComEd may have known when Merrill was hired that this dispute could lead to litigation, ComEd needed to hire an expert to look at the supporting invoices regardless of the

---

[2]Bales testified in his deposition that he could not recall whether he contacted Merrill on the advice of his counsel. (Bales' Dep. at 187.) Bales also initially testified at least twice that he could not recall whether he had already spoken with Merrill prior to his first meeting with Mr. Brigance. (Id. at 191, 192.) Subsequent to this testimony, Mr. Bozich stated in response to a question put to Bales that Merrill was not retained until after Bozich became involved in the case, (id. at 192), however, Bales later stated that he personally could not recall whether his contact with Merrill occurred before or after Mr. Bozich and Mr. Brigance became involved in the matter. (Id. at 194.)

7

possibility of litigation.

The Court finds that ComEd would have retained Peter Merrill irrespective of the possibility of litigation, and that he therefore does not qualify as a non-testifying expert under Federal Rule of Civil Procedure 26(b)(4)(B). As ComEd has not met its burden to show "good cause" for the issuance of a protective order under Rule 26(c), ComEd's Motion for Entry of a Protective Order is DENIED.

E N T E R:

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: JUL 2 4 2001