Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 509 | **DATE** | 2/8/2002 |
| **CASE TITLE** | Canal Barge Company vs. Commonwealth Edison Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: This Court grants Canal's Motion to Alter and Amend [113-1] to the extent it seeks leave to amend its complaint to include a Rule 9(h) designation of admiralty jurisdiction. This Court denies Canal's motion to the extent it seeks an order striking ComEd's demand for a jury trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | FEB 11 2002 date docketed | 119 |
| | Notified counsel by telephone. | CM docketing deputy initials | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 02 FEB -8 PM 6:37 | date mailed notice |
| KMc courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 1 1 2002

| | |
|---|---|
| CANAL BARGE COMPANY,<br>a Louisiana corporation,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>COMMONWEALTH EDISON COMPANY,<br>an Illinois corporation,<br><br>Defendant/Counter-Plaintiff. | No. 98 C 0509<br><br>Magistrate Judge Nan R. Nolan |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Canal Barge Company's ("Canal") Motion Pursuant to Federal Rule of Civil Procedure 59(e) to Alter and Amend Ruling of November 7, 2001 (Docket Entry #113). Upon consideration of the current motion, this Court concludes that it erred when it denied Canal's earlier motion to amend its complaint. Accordingly, Canal's Motion to Alter and Amend is GRANTED to the extent it seeks leave to amend its complaint to identify its claim as an admiralty claim. Canal also moves this Court to strike ComEd's demand for a jury trial. Canal argues that its decision to proceed in admiralty strips ComEd of the right to a jury trial on its compulsory counterclaim. For the following reasons, Canal's motion to strike ComEd's jury demand is DENIED.

## BACKGROUND

ComEd contracted Canal to transport coal on barges. One provision of the contract required ComEd to pay for certain barge maintenance and insurance costs. Following a disagreement over ComEd's obligation under this provision, ComEd filed a complaint against Canal in January 1998. Three months later, Canal filed a counterclaim. The sole jurisdictional basis alleged in both the

complaint and counterclaim was diversity of citizenship. In May 2001, this Court granted the parties' joint motion for realignment. Canal (the recently realigned plaintiff) promptly filed a complaint and, one month later, ComEd answered the complaint, filed a counterclaim and demanded a jury trial. Again, the sole jurisdictional basis alleged by the parties was diversity of citizenship. In October 2001, Canal sought leave to amend its complaint, asserting for the first time that it desired to proceed under federal admiralty law. In the motion to amend, Canal also argued that its decision to proceed in admiralty bars a jury trial on any claim in the case. In November 2001, this Court denied Canal's motion to amend, reasoning that Canal waited too long before it moved to amend its complaint and that granting Canal's motion would unduly prejudice ComEd. This Court did not reach the merits of Canal's motion to strike ComEd's jury demand.

## DISCUSSION

### Canal's Motion to Amend

When a claim is within both the admiralty jurisdiction and some other jurisdictional basis, e.g., diversity jurisdiction, the plaintiff may designate her claim as an admiralty claim under Federal Rule of Civil Procedure 9(h). Fed. R. Civ. P. 9(h); *Greenwell v. Aztar Ind. Gaming Corp.*, 268 F.3d 486, 493 (7th Cir. 2001). A Rule 9(h) designation may be made in the original or an amended complaint. After a responsive pleading has been served, Federal Rule of Civil Procedure 15(a) governs whether the plaintiff may amend her complaint to include a Rule 9(h) statement. Fed. R. Civ. P. 9(h); *Wiora v. Harrah's Ill. Corp.*, 68 F. Supp. 2d 988, 997 n.7 (N.D. Ill. 1999). Although "leave to amend is to be freely given when justice so requires, Fed. R. Civ. P. 15(a), it is inappropriate where there is undue delay . . . on the part of the movant . . . [or] undue prejudice to

the opposing party." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (internal quotation and citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

This Court denied Canal's motion for leave to amend its complaint based on Canal's undue delay in seeking to include a Rule 9(h) statement and the undue prejudice ComEd would suffer if Canal were allowed to amend—specifically, that Canal unfairly surprised ComEd because it did not disclose that it would invoke the admiralty jurisdiction if ComEd agreed to realign, and that an amended complaint would force ComEd to reevaluate its litigation strategy to account for a bench trial under the admiralty jurisdiction. Canal argues that these conclusions were erroneous.

Regarding undue delay, Canal contends that this Court miscalculated the delay attributable to Canal. In the earlier order, this Court noted that Canal's motion for leave to amend was filed almost four years after the original complaint. As Canal correctly points out, however, the original complaint was filed by ComEd. Canal did not file a complaint until after the parties were realigned. Canal sought leave to amend less than five months after filing its post-realignment complaint. Such a short period of time by itself cannot constitute undue delay for purposes of Federal Rule of Civil Procedure 15(a). *See Roberson v. Hayti Police Dep't*, 241 F.3d 992, 996 (8th Cir. 2001) (district court erred in denying leave to amend based solely on eleventh-month delay). Similarly, regarding undue prejudice, Canal argues that this Court's prior order incorrectly assumed that Canal had a duty to disclose its litigation strategy to ComEd prior to the realignment. This Court agrees that ComEd's failure to fully consider the implications of realignment cannot be blamed on Canal. Although ComEd may suffer prejudice in that it may have to conduct additional research regarding admiralty law and procedure, this does not amount to prejudice sufficient to deny a motion to amend a pleading. *See United States v. Security Pacific Bus. Credit, Inc.*, 956 F.2d 703, 708 (7th Cir. 1992)

-3-

(absent showing of additional prejudice, burden of additional research does not constitute undue prejudice). Canal has represented to this Court that its amended complaint will not result in any additional discovery, nor will it include any new theories of liability. Apart from the general assertion that it is unfamiliar with admiralty law and procedure, ComEd has failed to articulate any reason why it will be prejudiced if this Court grants Canal's motion to amend. Accordingly, this Court grants Canal's Motion to Alter and Amend to the extent it seeks to amend its complaint to include a Rule 9(h) statement.

**Canal's Motion to Strike ComEd's Demand for a Jury Trial**

ComEd argues that it has a Seventh Amendment right to a jury trial on its compulsory counterclaim—a claim ComEd asserted under the diversity jurisdiction. Canal, on the other hand, contends that its decision to proceed under admiralty law precludes application of the Seventh Amendment to any claim in the case. There is a split of authority on this issue. *Compare Wilmington Trust v. United States Dist. Court for the Dist. of Haw.*, 934 F.2d 1026 (9th Cir. 1991) (defendant to admiralty claim has constitutional right to jury trial on its non-admiralty compulsory counterclaim); *Sphere Drake Ins. PLC v. J. Shree Corp.*, 184 F.R.D. 258, 261 (S.D.N.Y. 1999) (same); *Hanjin Shipping Co., LTD v. Jay*, No. 89-7411, 1991 A.M.C. 2596 (C.D. Cal. July 6, 1991) (Lexis) (admiralty defendant entitled to jury trial on its non-admiralty third-party claim) *with Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir. 1978) (admiralty defendant not entitled to jury trial based on non-admiralty third-party claim); *Jefferson Ins. Co. of N.Y. v. Maine Offshore Boats, Inc.*, No. 01-44-P-H, 2001 WL 484040 (D. Me. May 7, 2001) (admiralty defendant not entitled to jury trial on its non-admiralty counterclaim); *Norwalk Cove Marina, Inc. v. S/V Odysseus*, 100 F. Supp. 2d 113 (D. Conn. 2000) (same). For the following

reasons, this Court concludes that ComEd is entitled to a jury trial on its non-admiralty compulsory counterclaim.

The logic of Canal's position—that a plaintiff's decision to proceed in admiralty precludes a jury trial on any claim in the case—was rejected by the Supreme Court in *Fitzgerald v. United States Lines Co.*, 374 U.S. 16 (1963). In that case, the plaintiff filed a complaint containing a maintenance and cure claim (a claim which was cognizable solely as an admiralty claim), a Jones Act claim (a claim which includes the right to a jury trial) and an unseaworthiness claim. Despite the plaintiff's demand for a jury trial on all three claims, the district court held a jury trial on only the Jones Act and unseaworthiness issues. The Supreme Court reversed, holding that the court should have granted a jury trial on all three claims based on the plaintiff's right to a jury trial under the Jones Act and the impracticality of holding separate jury and bench trials. *Fitzgerald*, 374 U.S. at 19-21. The Supreme Court stated that "neither [the Seventh] Amendment nor any other provision of the Constitution forbids [jury trials in admiralty cases]. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases." *Id.* at 20. This Court agrees with the Ninth Circuit's conclusion that the *Fitzgerald* court rejected the view that a plaintiff's decision to file an admiralty claim requires a bench trial for all of the claims in the case. *Wilmington Trust*, 934 F.2d at 1030-31; *see also Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983) (district court decision to hold separate jury trial on admiralty defendant's non-admiralty counterclaim correctly preserved defendant's right to jury trial).

This Court also finds persuasive the Supreme Court's decision in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959). The plaintiff in *Beacon Theatres* filed a declaratory judgment action. The defendant answered the complaint, filed a compulsory counterclaim and demanded a

jury trial of the factual issues in the case. The district court decided that the equitable issues raised in the complaint would be tried to the bench before a jury determination of the counterclaim. The Supreme Court held that the district court's decision impermissibly diluted the defendant's right to a jury trial by depriving it of a full jury trial on its counterclaim. *Id.* at 508. The court in *Beacon Theatres* reasoned that when a party's constitutional right to trial by jury conflicts with an opposing party's preference for a bench trial, a court should, wherever possible, preserve the right to a jury trial. *Id.* at 510-11 (holding that except in extreme circumstances, the right to a jury trial cannot be lost simply because an opposing party took advantage of declaratory relief and sued first). The same reasoning applies when parties join non-admiralty claims to which a right to a jury trial attaches with admiralty claims. *Wilmington Trust*, 934 F.2d at 1031-32; *Sphere Drake*, 184 F.R.D. at 261. Based on the foregoing, this Court holds that ComEd's right to a jury trial on its counterclaim was not affected by Canal's decision to file an admiralty claim. *Wilmington Trust*, 934 F.2d at 1032 (citing Fed. R. Civ. P. 38(a), which states that the right to a jury trial, whether statutory or constitutional, "shall be preserved to the parties inviolate"); *Sphere Drake*, 184 F.R.D. at 261; *see also* George Rutherglen, *The Federal Rules for Admiralty and Maritime Cases: A Verdict of Quiescent Years*, 27 J. Mar. L. & Com. 581, 593 (1996) ("A defendant who is forced into federal court by a plaintiff who asserts an admiralty claim should not lose any right to jury trial on the counterclaim.").

In contrast to this Court's holding, the *Harrison* line of cases stands for the proposition that a defendant to an admiralty claim does not have a right to a jury trial on its non-admiralty compulsory counterclaim. These cases are based on an expansive reading of Federal Rules of Civil

Procedure 9(h) and 38(e). *E.g., Royal Ins. Co. of Am. v. Hansen*, 125 F.R.D. 5 (D. Mass. 1988). Rule 9(h) states in pertinent part:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims.

Fed. R. Civ. P. 9(h). Rule 38(e) provides "These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." Fed. R. Civ. P. 38(e). Clearly, a plaintiff that identifies a claim as an admiralty claim pursuant to Rule 9(h) precludes a defendant from demanding a jury trial on that claim. *See* Fed. R. Civ. P. 9(h), Advisory Committee Notes, 1966 Amendment ("[Rule 9(h)] preserv[es] the present power of the pleader to determine whether these historically maritime procedures shall be applicable *to his claim* or not.") (emphasis added). The *Harrison* line of cases goes one step further and holds that Rule 9(h) permits a plaintiff to determine whether admiralty procedures apply to every claim in the case. This Court concludes that the language of Rules 9(h) and 38(e) do not support this conclusion. As one commentator has noted:

> While the Federal Rules recognize the connection between jurisdiction and jury trial, they do so only in refusing to extend the right to jury trial to admiralty claims. That is all that Rule 38(e) says.
> . . . .
> . . . Because the definition of admiralty jurisdiction proceeds claim by claim, other civil claims do not lose their associated procedures, such as the right to jury trial, by being joined with admiralty claims.

*See* Rutherglen, *supra*, 27 J. Mar. L. & Com. at 592-93. A defendant's decision to demand a jury trial on its non-admiralty counterclaim may result in the entire case being tried to the jury. This does

not mean, however, that the defendant has a *right* to a jury trial on the plaintiff's admiralty claim. Thus, there is no conflict with Rules 9(h) and 38(e).

Having decided that ComEd has a right to a jury trial on its compulsory counterclaim, this Court must now address whether the entire case should be submitted to the jury. The *Wilmington Trust* court recognized that its decision would likely result in the entire case being tried before a jury if the district court determined that the admiralty claim and the counterclaim involved the same set of facts. *Wilmington Trust*, 934 F.2d at 1032. In this case, Canal concedes that its complaint and ComEd's counterclaim "are so closely intertwined that both cases should proceed to trial before the same fact finder." (Pl.'s Mot. for Leave to Amend at 6.) As Canal correctly points out, both claims are based on the same maintenance-and-insurance provision of the parties' contract. Accordingly, Canal's claim and ComEd's counterclaim will both proceed to a trial by jury.

## Conclusion

This Court GRANTS Canal's Motion to Alter and Amend to the extent it seeks leave to amend its complaint to include a Rule 9(h) designation of admiralty jurisdiction. This Court DENIES Canal's motion to the extent it seeks an order striking ComEd's demand for a jury trial.

ENTER:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 2-7-02