Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 509 | **DATE** | 10/15/2002 |
| **CASE TITLE** | Canal Barge Company vs. Commonwealth Edison Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: ComEd's motion to bar any argument or evidence at trial that Canal Barge Company is entitled to prejudgment interest under admiralty law [221-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 16 2002 | |
| | Notified counsel by telephone. | | date docketed | 275 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| KMc | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANAL BARGE COMPANY, ) | **DOCKETED** |
| ) | |
| Plaintiff/Counter-Defendant, ) | OCT 1 6 2002 |
| ) | |
| v.      ) | No. 98 C 0509 |
| ) | |
| COMMONWEALTH EDISON COMPANY, ) | Magistrate Judge Nan R. Nolan |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is ComEd's Motion to Bar Any Argument or Evidence at Trial that Canal Barge Company is Entitled to Prejudgment Interest Under Admiralty Law (Docket Entry # 221). For the following reasons, the Court GRANTS ComEd's motion.

Canal filed a breach-of-contract claim against ComEd under the diversity jurisdiction. Canal subsequently amended its complaint, identifying its breach-of-contract claim as an admiralty claim pursuant to Federal Rule of Civil Procedure 9(h). The contract at issue contains a choice-of-law provision designating Illinois law and all agree that Canal's breach-of-contract claim is governed by Illinois law. In the event the jury awards Canal damages, the Court must determine whether admiralty or Illinois law controls the calculation of prejudgment interest. The distinction is important because the Illinois Interest Act, 815 ILCS 205/2, sets an interest rate of 5% per annum, but admiralty law contains no similar limitation.[1]

---

[1] ComEd suggests that Illinois law also provides a good-faith defense to a potential award of prejudgment interest, i.e., ComEd contends that a plaintiff is not entitled to prejudgment interest under the Illinois Interest Act if the defendant had a good-faith basis for withholding payment. The Court concludes that the good-faith defense is not applicable to this case. The



ComEd argues that Illinois law controls the issue of prejudgment interest in this case because the parties designated Illinois law to govern any disputes arising out of their contract. Accordingly, ComEd contends, Canal should not be permitted to introduce evidence or make any argument that it is entitled to prejudgment interest under admiralty law. In support of its position, ComEd principally relies on *In the matter of Oil Spill by the Amoco Cadiz Off the Coast of France on March 16, 1978*, 954 F.2d 1279, 1333 (7th Cir. 1992) (per curiam). In that case, the parties agreed that the relevant maritime contract contained a choice-of-law provision designating British law and that British courts award simple rather than compound prejudgment interest. Applying British law, the district court awarded simple prejudgment interest to a party named Petroleum Insurance Limited ("PIL"). On appeal, PIL argued that because British courts treat interest as a procedural rather than a substantive issue, the award of prejudgment interest should have been governed by the law of the forum (i.e., American admiralty law). The Seventh Circuit disagreed, pointing out that "American courts treat prejudgment interest as a substantive question, which by the [choice-of-law provision

---

Illinois Interest Act provides that creditors are entitled to interest: (1) on all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; (2) on money lent or advanced for the use of another; (3) on money due on the settlement of account from the date of liquidating accounts between the parties and ascertaining the balance; (4) on money received to the use of another and retained without the owner's knowledge; and (5) on money withheld by an unreasonable and vexatious delay of payment. 815 ILCS 205/2. "While a good-faith dispute could preclude an award for prejudgment interest in a claim brought for an unreasonable refusal to pay, such a dispute does not preclude the recovery of prejudgment interest on money due under an instrument of writing." *New Hampshire Ins. Co. v. Hanover Ins. Co.*, 696 N.E.2d 22, 28 (Ill. App. Ct. 1998); *see also Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.2d 843, 853 (7th Cir. 2002) (same). Because Canal seeks to recover money due under the parties' written contract, the Court concludes that ComEd may not assert a good-faith defense in an attempt to preclude an award of prejudgment interest.

in the contract] is to be decided under British law." *Id.* at 1336. In its opinion affirming the district court's award of simple prejudgment interest, the Seventh Circuit observed that:

> Parties may provide for compound interest by contract; by incorporating the law of the United Kingdom without a separate provision on this question, the parties assented to simple interest. Commerce depends on honoring contracts rather than finding creative ways to get 'round them after the fact, and we honor the parties' bargain by affirming the district court's conclusion that PTL's prejudgment interest should not be compounded.

*Id.* at 1337.

Canal responds that *Amoco Cadiz* is not applicable to the parties' current dispute because that case dealt only with the appropriate rate of prejudgment interest, not whether the plaintiff was entitled to prejudgment interest as a matter of law. The latter issue, Canal contends, is controlled by admiralty law which dictates that prejudgment interest must be awarded absent exceptional circumstances. Canal's argument is beside the point. The principal difference between Canal's position—that admiralty law controls the issue of prejudgment interest—and ComEd's position —that Illinois law controls—is the appropriate rate of interest. The *Amoco Cadiz* court reasoned that the parties in that case contracted for simple rather than compound prejudgment interest by including a choice-of-law provision in their agreement designating English law. *Id.* Applying the same reasoning to this case, the Court concludes that ComEd and Canal contracted for prejudgment interest at 5% per annum by including a choice-of-law provision in their contract specifying Illinois law.

Canal's response to ComEd's motion largely ignores the Seventh Circuit's decision in *Amoco Cadiz*. Instead, Canal relies on several cases that do not concern maritime contracts containing choice-of-law provisions. These cases are unpersuasive. For example, Canal relies on *Great Lakes*

*Dredge & Dock Co. v. City of Chicago*, 260 F.3d 789 (7th Cir. 2001), for the proposition that courts sitting in admiralty apply admiralty law to the issue of prejudgment interest regardless of whether state law controls the other substantive issues in the case. Canal mischaracterizes *Great Lakes*. In that case, the Seventh Circuit noted that "[b]oth the district court and the parties have treated prejudgment interest as a matter to be resolved under admiralty law. (They do not remark the inconsistency of this approach with their resort to Illinois law to determine other issues.)" *Id.* at 796. Rather than holding that admiralty law was the correct law to apply to the issue of prejudgment interest, the *Great Lakes* court applied admiralty law because the parties failed to argue that another law applied. Furthermore, the language used by the *Great Lakes* court can hardly be considered an endorsement of Canal's position. If the *Great Lakes* court agreed with Canal's position—i.e., if it agreed that admiralty law controls all issues of prejudgment interest on all claims arising under the admiralty jurisdiction—then the Seventh Circuit would not have noted the inconsistency of applying admiralty law in that case.

Canal also relies on *Cement Division, National Gypsum Co. v. Milwaukee*, 31 F.3d 581 (7th Cir. 1994), and *Edinburgh Assurance Co. v. R. L. Burns Corp.*, 669 F.2d 1259 (9th Cir. 1982), in support of its position that admiralty law controls the issue of prejudgment interest in this case. In *Cement Division*, a ship moored in the Port of Milwaukee broke away from its berth, crashed into a headwall and sank. The ship owner and the insurer of the ship sued the city alleging negligence. The Seventh Circuit stated that "[t]he general rule in admiralty, in order to fully compensate the plaintiff, is to award prejudgment interest from the date of the accident." *Cement Div.*, 31 F.3d at 583 (internal quotation and citation omitted). In *Edinburgh*, an insurer filed a declaratory judgment action as to its liability under an insurance contract covering an offshore oil drilling platform. The

district court determined that English law governed the construction of the insurance contract (the contract did not contain a choice-of-law provision) and that the plaintiff was not entitled to prejudgment interest. The Ninth Circuit reversed, holding that "the general rule in admiralty cases is that prejudgment interest will be awarded." *Edinburgh*, 669 F.2d at 1263. Both cases are distinguishable; neither case addresses whether a choice-of-law provision in a maritime contract controls which body of law governs the issue of prejudgment interest.

Finally, Canal cites to *Ennar Latex, Inc. v. Atlantic Mutual Insurance Co.*, No. 94 Civ. 150, 1995 WL 373444 (S.D.N.Y. June 21, 1995), and *Middle East Engineering & Development Co., Ltd. v. Arkwright-Boston Manufacturing Mutual Insurance Co.*, 675 F. Supp. 855 (S.D.N.Y. 1987), for the proposition that admiralty law controls the issue of prejudgment interest in an admiralty case even if the court resorts to another body of law to resolve other issues in the case. Neither of these cases, nor any of the cases relied on by the *Ennar Latex* and *Arkwright-Boston* courts, analyze whether a choice-of-law provision in a maritime contract controls which body of law applies to the issue of prejudgment interest. Several of these cases do not even concern maritime contracts and the rest do not mention whether the contracts at issue contain choice-of-law provisions. Accordingly, the Court concludes that these cases are unpersuasive.

Alternatively, Canal contends that ComEd agreed to pay prejudgment interest at the prime rate and that the Court should enforce that agreement. In a letter dated December 12, 1997, ComEd "reiterate[d] ComEd's commitment to pay interest, at the prime rate, on any amount that we ultimately agree is due and owning from September 22, 1997 . . . ." (Pl.'s Resp. to Mot. in Limine, Ex. A.) Even if this Court were to assume that this letter represents a binding agreement between ComEd and Canal on the issue of prejudgment interest, the Court would conclude that the letter does

not obligate ComEd to pay prejudgment interest at the prime rate. In the letter, ComEd agrees to pay interest at the prime rate only in the event that the parties "ultimately agree [on an amount] that is due and owing." (*Id.*) Because the parties have not agreed on any amount that ComEd owes Canal, the letter does not obligate ComEd to pay interest.

The parties in this case had the freedom to designate the body of law that would govern any dispute that arose concerning their contract—including the freedom to decide which body of law would apply to the issue of prejudgment interest. By agreeing that any disputes involving their contract would be resolved according to Illinois law, Canal and ComEd agreed that Illinois law would control the issue of prejudgment interest. *Amoco Cadiz*, 954 F.2d at 1336-37; *cf. Perlman v. Zell*, 185 F.3d 850, 857 (7th Cir. 1999) (stating that "[p]rejudgment interest depends on the law that supplies the substantive rule of decision"). Accordingly, the Court GRANTS ComEd's Motion to Bar Any Argument or Evidence at Trial that Canal Barge Company is Entitled to Prejudgment Interest Under Admiralty Law.

ENTER:

*[signature]*
Nan R. Nolan
United States Magistrate Judge

Dated: Oct 15, 2002