# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 509 | **DATE** | 4/16/2003 |
| **CASE TITLE** | Canal Barge Co vs. ComEd | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, ComEd's objections to Canal Barge Company's Bill of Costs are sustained in part and overruled in part. Canal Barge is ordered to submit a revised Bill of Costs by April 23, 2003. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 18 2003 | |
| | Notified counsel by telephone. | | date docketed | 337 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| cav | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANAL BARGE COMPANY, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> COMMONWEALTH EDISON COMPANY, ) <br> ) <br> Defendant/Counter-Plaintiff. ) | Case No. 98 C 0509 <br><br> Magistrate Judge Nan R. Nolan |

DOCKETED
APR 1 8 2003

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Canal Barge Company, Inc.'s ("Canal") Bill of Costs. Canal is the "prevailing party" on its complaint and seeks costs in the amount of $39,676.26. Defendant Commonwealth Edison Company ("ComEd") raises numerous objections to Canal's Bill of Costs. The Court will address each objection in turn.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that the prevailing party shall be allowed costs other than attorneys' fees as a matter of course unless a statute, federal rule of civil procedure, or the court otherwise directs. Recoverable costs are listed in 28 U.S.C. § 1920. Courts may not award costs not authorized by statute. Barber v. Ruth, 7 F.3d 636, 644 (7th Cir. 1993). "Generally, only misconduct by a prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988).

337

## I. COSTS ASSOCIATED WITH CANAL'S COMPLAINT

ComEd first argues that Canal has failed to meet its burden of demonstrating that the costs for which it seeks reimbursement are solely and explicitly associated with its Complaint at Law as opposed to ComEd's Counterclaim. On its Bill of Costs, William P. Ryan, one of Canal's attorneys, declared under penalty of perjury that the costs sought are "correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Canal's Response clarifies that the costs sought by Canal are solely and explicitly associated with Canal's Complaint. The Court accepts Canal's assertion as sufficient. Neither Federal Rule of Civil 54(d) nor Local Rule 54.1 requires further documentation.

## II. FEES FOR SERVICE OF SUMMONS AND SUBPOENA

Canal seeks $836.50 for costs in serving seven subpoenas upon ComEd's witnesses. Section 1920(1) authorizes fees for service of subpoenas. Collins v. Gorman, 96 F.3d 1057 (7th Cir. 1996). Fees cannot exceed what the Marshal Service would have charged for these tasks. Id. The U.S. Marshal Service charges $45.00 per hour plus $0.365 per mile. Chamberlain Group, Inc. v. Interlogic, Inc., 2002 WL 31176068, *3 (N.D. Ill. Sept. 30, 2002).

For the reasons stated in Canal's Response, Canal is awarded the costs it seeks for service on Robert Beckwith, Larry Siler, Michael Bales, Margaret Ruane, and George Rifakes. Canal states that it took several attempts to serve James Small, but Canal does not indicate precisely how long the service of James Small and Peter Merrill took. Therefore, the court awards only the $45.00 minimum charged by the U.S. Marshal's Service for subpoena service plus $0.365 per mile for one round-trip to serve Merrill and Small.

## III. FEES FOR COURT REPORTERS

Canal seeks $12,640.35 for court reporter fees, depositions, and trial transcripts. The costs of transcripts "necessarily obtained for use in the case" are authorized under 28 U.S.C. § 1920(2).

### A. Transcripts of Pre-Trial Matters

Canal submits invoices for transcripts of two pre-trial matters, the hearing on the parties' motions in limine and the final pre-trial conference. The costs of obtaining copies of these transcripts are recoverable. The invoices submitted by Canal provide sufficient detail for the Court to determine the reasonableness of the costs. The transcripts were also reasonably necessary for trial because they include legal and evidentiary rulings by the Court that governed the trial of this matter. The Court accepts Canal's further explanation that the transcripts were necessary to prepare for witness testimony and argument. Barber, 7 F.3d at 645 (stating "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'").

ComEd objects to a hearing transcript invoice for $700.00 submitted by Canal. The Court sustains ComEd's objection because Canal fails to provide any explanation of the hearing or whether the transcript was reasonable and necessary.

### B. Trial Transcripts

Canal submits three invoices for trial transcripts and transcript copies. ComEd argues that Canal has failed to explain why daily or expedited transcripts were necessary. Canal's Response makes clear that expedited trial transcripts were necessary on a daily basis to prepare for the ongoing trial and argument. The Court accepts Canal's explanation regarding the necessity of the expedited trial transcripts and finds that the additional cost of expedited trial transcripts was reasonable and

necessary.

ComEd further argues that the trial transcript invoice which includes the trial testimony of Emmett Galloway should be decreased by $26.00 because Galloway was called to testify concerning ComEd's Counterclaim and Canal is not entitled to recover these charges. ComEd's objection is overruled because Canal did not call Galloway solely on the issue of ComEd's counterclaim. Galloway was once a contract administrator of Canal's Transportation Contract. He also was Financial Vice President of Canal Barge prior to his retirement. Galloway testified about the Contract and its Amendments, the process of invoicing ComEd, and the damages sought by Canal in its complaint.

### C. Deposition Transcripts

ComEd correctly argues that Canal is only entitled to recover the Judicial Conference per page rates for deposition transcripts. Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 455 (7th Cir. 1998). Without citation to any authority, Canal argues that ComEd should be charged with the actual cost paid by Canal for deposition transcripts prepared by court reports chosen by ComEd because privately contracted court reporters are not bound by the Judicial Conference rates. The Seventh Circuit has declined to adopt a distinction between transcripts ordered from official or private court reports. Id. at 456. The Cengr court held that the "Judicial Conference rates apply to deposition charges by private court reporters." Accordingly, Canal is entitled to recover $3.00 per page for an original transcript and $.75 per page for a transcript copy. Id. at 455.

ComEd also objects to the charges for condensed transcripts and for ASCII disks of deposition transcripts. Courts have held that costs for condensed transcripts and ASCII disks costs are not recoverable. Jones v. Board of Trustees of Community College District No. 508, 197 F.R.D.

4

363, 364 (N.D. Ill. 2000); Equal Employment Opportunity Commission v. Nicosia, 1999 WL 965854, *3 (N.D. Ill. Oct. 14, 1999). Canal has failed to demonstrate that ASCII disks and condensed transcripts were reasonable and necessary. ComEd's objection is sustained.

The Court rejects ComEd's argument that it should deny Canal's request for the transcript costs for the depositions of James Small, Michael Schiehl, and George Rifakes because the invoices lack any information regarding the attendance costs, the page count of the regular transcript or the cost per page for copies. Canal's Response provides the page count of the transcripts as well as the cost per page. The Court also rejects ComEd's assertion that Canal is not entitled to recover its copy cost for the deposition of Emmett Galloway. ComEd again states that Galloway was produced in response to ComEd's Counterclaim on which judgment was entered in ComEd's favor. Canal only seeks reimbursement of the costs incurred for the deposition of Galloway in his personal capacity. Canal states that this deposition was not limited to the issues of ComEd's counterclaim. The Court has no reason to doubt this assertion. Accordingly, Canal may recover the costs incurred for the deposition of Galloway in his personal capacity.

ComEd further argues that Canal failed to justify costs for daily or expedited deposition transcripts. Canal asserts that the deposition transcript of Peter Merrill, ComEd's expert witness, was ordered on an expedited basis to assist in analyzing his testimony in order to prepare for the next session of the deposition. The Court accepts Canal's explanation for why an expedited transcript was necessary. Canal may recover the additional cost of an expedited transcript of Merrill's August 24, 2001 deposition.

## IV. FEES FOR WITNESSES

Canal seeks $520.00 for witness fees. Canal is entitled to recover the standard witness fee of $40.00 per day of testimony for the following trial witnesses: Cecil Lee, Jerald Tinkey, Michael Schiehl, Emmett Galloway, Joseph Tyson, Lawrence Barbish, Michael Bales, Larry Siler, Margaret Ruane, and Micky Popplewell.

## V. FEES FOR EXEMPLIFICATION AND COPIES

Canal seeks $16,102.52 for copies of documents and trial exhibits. The cost of "copies of papers necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). ComEd argues that all of Canal's requests for copying costs should be denied because the photocopying expenses lack proper documentation to determine whether the expenses were necessary. Specifically, ComEd asserts that Canal failed to identify the documents that were copied. With respect to pleadings filed with the Court, ComEd complains that Canal does not describe the document, indicate a filing date, number of pages and price per page.

Canal was "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). Rather, it need only "provide the best breakdown obtainable from retained records." Id.

With respect to costs for copying pleadings, Canal's Response provides a description of the pleadings which were copied as well as the number of pages copied. Canal also points out that more than 50,000 pages of documents were exchanged between the parties. Canal states that it has identified the number of pages copied, the cost and what was copied to whatever extent possible. Canal's descriptions are adequate to support their copying costs. Northbrook Excess & Surplus Ins

Co., 924 F.2d at 643 (upholding copying bill of more than $50,000 where description failed to identify the documents copied, the number of copies made, or the costs per page).

ComEd also challenges Canal's request for copying costs of trial exhibits and enlargement of trial exhibits. The costs for copying Canal's trial exhibits were necessary and recoverable. The Court also finds that the enlarged trial exhibits aided the jury in understanding the complexities of the structure of a barge, damages incurred by the barges in ComEd's service, the type and degree of service in which the barges were used, the contract provision at issue in Canal's case, the damages suffered by Canal, and how those damages were calculated. ComEd fails to identify any single enlarged trial exhibit which it claims was not of assistance to the jury. The costs of the enlarged trial exhibits are recoverable.

## VI. OTHER COSTS

Canal seeks to recover $9,576.89 in witness travel and subsistence expenses as well as charges for bates-stamping documents. Under 28 U.S.C. § 1821(b),(c), Canal may recover costs for reasonable travel expenses and subsistence charges. Fait v. Hummel, 2002 WL 31433424, *3 (N.D. Ill. Oct. 30, 2002). Under §1821(c)(1), "a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." 28 U.S.C. § 1821(c)(1).

Canal seeks $797.32 for travel expenses for Jerald Tinkey. ComEd objects to Canal's request for the cost of Tinkey's meals because Canal has provided no receipts for such expenses. This objection is sustained. ComEd also complains that Tinkey did not return his rental car on time and ComEd should not be responsible for the extra charges. Canal explains that Tinkey was unable to return the car earlier because he was being cross-examined by ComEd's counsel. ComEd's objection

is overruled, and Tinkey's car rental charges are recoverable.

Canal seeks $2,146.78 for travel expenses for Michael Schiehl. ComEd objects to these costs because Canal initially provided no receipts or independent documentation regarding these charges. Canal attached invoices and receipts supporting the travel expenses of Schiehl to its Response. Canal is entitled to recover the travel expenses of Schiehl that are supported by receipts. ComEd's objection is overruled.

Canal seeks $1,650.01 for travel expenses for Emmett Galloway. ComEd objects to Canal's recovery of these expenses on the grounds that Galloway was called by Canal in response to ComEd's counterclaim and Canal was not the prevailing party on ComEd's counterclaim. For the reasons previously explained, Galloway was not called by Canal in its case in chief solely in response to ComEd's counterclaim. This objection is overruled. Moreover, travel expenses for Galloway to make two trips to Chicago for trial were reasonable and necessary. Finally, ComEd's objection to Galloway's meal expenses is overruled. See bates pages 88 and 89 of ComEd's objections.

Canal seeks $1,486.06 for travel expenses for its corporate representative, Larry Barbish. ComEd argues that Barbish's travel expenses are not recoverable because parties to a case may not collect witness fees for travel and subsistence expenses. Barbish was not a named plaintiff nor defendant in this case. He appeared at trial not only as Canal's corporate representative but also as a testifying witness. ComEd fails to cite any authority holding that corporate representatives, as opposed to parties and real parties in interest, may not recover travel expenses. ComEd's objection is overruled.

Finally, Canal seeks $1,802.62 for bates stamping costs. ComEd objects that bates stamping costs are not properly taxable. The Court finds that § 1920(4) should be construed to permit

reimbursement of reasonable and necessary bates stamping costs as part of the copying process. First City Securities, Inc. v. Shaltiel, 1993 WL 408370, at *2 (N.D.Ill. Oct. 8, 1993) (stating "[c]osts for binding, inserting tabs and bates stamping are allowed here because these services are necessary to reproduce a document in a way that is organized and useful to the opposing party and the court"). The parties exchanged more than 50,000 documents in this case and received hundreds of pages of documents from third parties. Bates stamping was reasonably necessary to the ordered production and use of those documents in this litigation. ComEd does not object to the cost of bates stamping.

## CONCLUSION

For the reasons stated above, ComEd's objections to Canal's Bill of Costs are sustained in part and overruled in part. Canal is ordered to submit a revised Bill of Costs consistent with this opinion by April 23, 2003.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated:
4/16/03