# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 509 | **DATE** | 4/16/2003 |
| **CASE TITLE** | Canal Barge Co vs. ComEd | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Status hearing and ruling on the following post-trial motions held. For the reasons stated in open Court, the following motions are granted or denied: ComEd's motion for stay of execution of Canal Barge Complany's judgment pending the disposition fo all post-trial motions is granted to April 16, 2003 [304-1, 304-2]. ComEd's motion for prejudgment interest on its Counterclaim is granted [305-1]. ComEd's motion for a new trial on its Counterclaim pursuant to Federal Rules of Civil Procedure 59(a) is denied [306-1]. ComEd's motion for entry of judgment as a matter of law on the Complaint of Canal Barge or, in the alternative, a new trial as presented by separate motion is denied [307-1, 307-2]. For the reasons stated in the attached memorandum opinion and order, ComEd's motion for costs is granted in part and denied in part [308-1]. ComEd is to file a revised bill of costs by April 23, 2003. ComEd's motion for a new trial on Canal Barge's breach of contract claim is denied [309-1]. Canal Barge's motion for an award of pre-judgment interest is granted [311-1]. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices — 4

U.S. DISTRICT COURT

APR 18 2003
date docketed

**Document Number**

338

DOCKETED

APR 1 8 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| CANAL BARGE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 98 C 0509 |
| | ) | |
| COMMONWEALTH EDISON COMPANY, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Commonwealth Edison Company's

("ComEd") Bill of Costs. ComEd argues that it is the "prevailing party" on its counterclaim

against Canal Barge Company, Inc. ("Canal") and seeks costs in the amount of $7,237.45

(reflecting one admitted adjustment). Canal raises numerous objections to ComEd's Bill of

Costs. The Court will address each objection in turn.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party shall be allowed

costs other than attorneys' fees as a matter of course unless a statute, federal rule of civil

procedure, or the court otherwise directs. Recoverable costs are listed in 28 U.S.C. §1920.

Courts may not award costs not authorized by statute. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir.

1993). "Generally, only misconduct by a prevailing party worthy of a penalty . . . or the losing

party's inability to pay will suffice to justify denying costs." *Congregation of the Passion, Holy*

*Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

338

## A.     Prevailing Party Status

Canal argues that ComEd was not the prevailing party because it did not prevail on a substantial part of its counterclaim. According to Canal, the jury "completely rejected ComEd's theory of the case and completely accepted Canal's theory" as evidenced by the fact that the jury awarded ComEd the $56,338 Canal claimed to owe instead of the $496,609 sought by ComEd. Def. Mem., p. 5. The Seventh Circuit has stated that a party that recovers less than 10% of its initial demand either is not a prevailing party or should be treated as if it did not prevail. *Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999) ("[r]ecovery of less than 10% shows that . . . the defendant has won on the bulk of the seriously disputed items"). Here, ComEd won 11% of the amount it requested. Moreover, ComEd was granted summary judgment as to liability on its single counterclaim, and Canal even admitted that it had improperly overcharged ComEd. This is sufficient for ComEd to be a prevailing party under Rule 54(d). *See Id.* at 860 ("[d]istrict judges have substantial discretion to allocate costs under Rule 54").

## B.     Jurisdictional Amount

Canal next claims that ComEd is not entitled to costs because its counterclaim was based on diversity jurisdiction and it recovered less than the $75,000 jurisdictional minimum. Def. Mem., p. 6. Under 28 U.S.C. §1332(b), "where the plaintiff who files the case originally in the federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000 . . . the district court may deny costs to the plaintiff . . ." There is no evidence that ComEd acted in bad faith in invoking diversity jurisdiction and, moreover, the parties jointly agreed to realign in May 2001, at which time Canal became the plaintiff. *See, e.g., Dr. Franklin Perkins School v. Freeman*, 741 F.2d 1503, 1525 (7th Cir. 1984) ("good faith is a factor that the district court

2

should consider when deciding whether to impose costs"). Thus the Court will not deny costs to ComEd on this basis. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 734 (7th Cir. 1998) ("judge erred in thinking that the denial of costs in a case in which the plaintiff fails to recover at least the statutory minimum is mandatory rather than discretionary").

## C.    Form and Verification of the Bill of Costs

Canal argues that ComEd's Bill of Costs is untimely and that it failed to provide proper documentation or a timely verification. Local Rule 54.1 provides that a prevailing party must file a bill of costs within thirty days of the entry of a judgment allowing for costs. Canal acknowledges that judgment was entered on October 30, 2002 and that ComEd filed its Bill of Costs less than thirty days later on November 12, 2002. Def. Mem., pp. 7-8. The Court does not see how this is untimely.

Canal cites no authority for its argument that ComEd was required to utilize the form bill of costs supplied by the district courts ("AO133"). Indeed, Local Rule 54.1 imposes no such requirement. *But see Leadership Council for Metropolitan Open Communities, Inc. v. Rossi Realty, Inc.*, No. 98 C 7852, 2003 WL 1741324, at *2 (N.D. Ill. Mar. 31, 2003) (determining whether bill of costs complies with requirements of Rule 54(d)(1) "would have been a whole lot easier if Defendant's counsel ha[d] used the form because it so clearly explains what is required"). Canal does not claim that it suffered any prejudice because ComEd failed to use the A0133 form, so that failure cannot serve as a basis for denying an otherwise properly supported request for costs. *See Martyne v. Parkside Medical Services*, No. 97 C 8295, 2000 WL 748096, at *13 (N.D. Ill. June 8, 2000) (overruling objection to award of costs even though plaintiff failed to use the A0133 form).

3

Canal also argues that ComEd is not entitled to costs because its supporting affidavit is untimely. But the case Canal cites for this proposition, *Northern Indiana Gun and Outdoor Shows, Inc. v. Hedman*, 111 F. Supp. 2d 1020 (N.D. Ind. 2000), relates to an affidavit in support of attorneys' fees under Local Rule 54.1 of the Northern District of Indiana. It does not address an affidavit in support of costs under Local Rule 54.1 of the Northern District of Illinois, which does not include any provision regarding attorneys' fees. An affidavit in support of a bill of costs is only required "before any bill of costs is taxed." 28 U.S.C. §1924. And no such costs were taxed prior to December 13, 2002 when ComEd submitted its affidavit. "While it may be preferable for a party to file supporting documentation and authority along with (the bill of costs), 28 U.S.C. §1924 does not appear to require it." *Sullivan v. Cheshier*, 991 F. Supp. 999, 1001 (N.D. Ill. 1998) (quoting *Piraino v. International Orientation Resource*, No. 94 C 493, 1997 WL 222948, at *2 (N.D. Ill. Apr. 30, 1997)). With respect to ComEd's invoices and other supporting documentation, the Court has reviewed the submissions and finds them sufficient for purposes of Rule 54.

**D.     Recoverable Costs**

Having overruled Canal's objections to awarding ComEd costs generally, the Court next considers its objections to ComEd's specific requests.

1.     Relevancy of Deposition Transcripts

Canal argues that ComEd should not be able to recover the costs of the deposition transcripts of Micky Popplewell, James Small or Larry Siler because they provided little or no testimony relevant to ComEd's counterclaim. Contrary to Canal's suggestion, a deposition is not relevant solely if the individual ends up having significant knowledge and providing extensive

4

testimony. In fact, ComEd needs only show that a deposition was "reasonably necessary" for use in its counterclaim at the time it was taken. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). ComEd has made such a showing because all three deponents were potential witnesses regarding the $496,609 charge at issue in the counterclaim. Canal's objections are thus overruled. With respect to Popplewell, ComEd concedes that only one day of his deposition testimony related to the counterclaim and its request is amended as stated in its reply memorandum.

### 2. Copying Costs for Deposition Transcripts

The parties agree that deposition costs may be reimbursed as follows: $5.00 per page for daily transcripts, $4.00 per page for expedited transcripts, $3.00 per page for original transcripts and $.075 per page for a transcript copy. Pl. Mem., p. 1; Def. Reply, p. 2; *Cengr*, 135 F.3d at 455. Costs for condensed transcripts and ASCII disks are not recoverable. *Jones v. Board of Trustees of Community College District No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000); *Equal Employment Opportunity Commission v. Yellow Freight System, Inc.*, No. 98 C 2725, 1999 WL 965854, at *3 (N.D. Ill. Oct. 14, 1999). ComEd is ordered to recalculate its costs in accordance with these limitations.

### CONCLUSION

For the reasons stated above, Canal's objections to ComEd's Bill of Costs [Docket Entry #308-1] are sustained in part and overruled in part. ComEd is ordered to submit a revised Bill of Costs consistent with this opinion by April 23, 2003.

NAN R. NOLAN
United States Magistrate Judge

Dated: April 16, 2003

5